FILED & ENTERED

AUG 23 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gae       DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:12-bk-15622-RK |
| **KYLE STEVEN MILLER and CARMEN LORRAINE MILLER**, | Chapter 11 |
| Debtors. | **ORDER RECONSIDERING ORDER CONFIRMING DEBTORS' CHAPTER 11 PLAN AND MODIFYING CONFIRMED CHAPTER 11 PLAN** |

    The court on its own motion reconsiders and modifies its order entered on August 14, 2012, Order Confirming Debtors' Chapter 11 Plan (the "Confirmation Order"), on grounds that the Confirmation Order contains language providing for a discharge of the debtors' prepetition debts upon confirmation of the plan. This is inconsistent with 11 U.S.C. § 1141(d)(5). *See* Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, incorporating by reference, Rules 59 and 60 of the Federal Rules of Civil Procedure (authorizing alteration or amendment of judgment or new trial or relief from judgment based on mistake of law); *Turner v. Burlington Northern Santa Fe Railroad Co.,* 338 F.3d 1058, 1063 (9th Cir.

1  2003)(trial court has considerable discretion to alter or amend judgment to correct
2  manifest error of law under Rule 59(e) of Federal Rules of Civil Procedure).
3  　　　Section IV.A of the Second Amended Chapter 11 Plan of Reorganization
4  (Docket Entry No. 138), filed on May 16, 2012 (the "Discharge") states: "This Plan
5  provides that upon confirmation of the Plan, Debtor shall be discharged of liability
6  for payment of debts incurred before confirmation of the Plan, to the extent
7  specified in 11 U.S.C. § 1141.  However, the discharge will not discharge any
8  liability imposed by the Plan."
9  　　　11 U.S.C. § 1141(d)(5)(A) provides: "(5) In a case in which the debtor is an
10  individual---(A) unless after notice and a hearing the court orders otherwise for
11  cause, confirmation of the plan does not discharge any debt provided for in the
12  plan until the court grants a discharge on completion of all payments under the
   plan; . . . ."
13  　　　Arguably, the Discharge may be read to be consistent with the express
14  terms of 11 U.S.C. § 1141, including 11 U.S.C. § 1141(d)(5), because the plan
15  states that the debtors will be discharged "to the extent specified in 11 U.S.C.
16  § 1141."  However, the plan language states that the debtors are to be discharged
17  upon confirmation of the plan, which is not consistent with the terms of the statute,
18  and thus, the plan language providing for the discharge of debtors upon
19  confirmation may be seriously misleading to the affected parties, including the
20  debtors and creditors.  *See* 11 U.S.C. § 1129(a)(1) (Chapter 11 plan must comply
21  with all applicable provisions of the Bankruptcy Code, 11 U.S.C.).
22  　　　Accordingly, the court on its own motion reconsiders and modifies the
   Confirmation Order and orders that the following language of the Discharge be
23  deleted: "This Plan provides that upon confirmation of the Plan, Debtor shall be
24  discharged of liability for payment of debts incurred before confirmation of the
25  Plan, to the extent specified in 11 U.S.C. § 1141.  However, the discharge will not
26  discharge any liability imposed by the Plan."   The court further orders that in place
27  of the deleted language, the following language be added to Section IV.A of the
28  Second Amended Plan: "Pursuant to 11 U.S.C. § 1141(d)(5)(A), unless after

2

1  notice and a hearing the court orders otherwise for cause, confirmation of the plan
2  does not discharge any debt provided for in the plan until the court grants a
3  discharge on completion of all payments under the plan.  Alternatively, the court
4  may grant a discharge pursuant to other provisions of 11 U.S.C. § 1141(d)(5)."

5      If the debtors or other parties wish to be heard with respect to this order,
6  they may file a request for rehearing within 14 days of entry of this order and give
7  notice of hearing to all affected parties pursuant to Local Bankruptcy Rule 9013-1.

    IT IS SO ORDERED.

###

DATED: August 23, 2012

_____
United States Bankruptcy Judge

3

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER RECONSIDERING ORDER CONFIRMING DEBTORS' CHAPTER 11 PLAN AND MODIFYING CONFIRMED CHAPTER 11 PLAN** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **August 23, 2012**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

- Michael Jay Berger    michael.berger@bankruptcypower.com, jennifer.phan@bankruptcypower.com
- Howard Camhi    hcamhi@ecjlaw.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
- Hans F Famularo    Hans.F.Famularo@irscounsel.treas.gov
- Jason E Goldstein    jgoldstein@buchalter.com, bkgroup@buchalter.com;skoch@buchalter.com
- Paul H Kim    Pkim@counsel.lacounty.gov
- S Blair Korschum    ecfnotices@ascensioncapitalgroup.com
- Alvin Mar    alvin.mar@usdoj.gov
- Christopher M McDermott    ecfcacb@piteduncan.com
- Kenneth Miller    kmiller@ecjlaw.com
- Faye C Rasch    frasch@ecjlaw.com, lpekrul@ecjlaw.com
- Ramesh Singh    claims@recoverycorp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

*Debtors*
Kyle Steven Miller
Carmen Lorraine Miller
2548 Ardsheal Drive
La Habra, CA 90631

Ascension Capital Group, Inc.
Capital One Auto Finance Department
S. Blair Korschun
P.O. Box 201347
Arlington, TX 76006

Ascension Capital Group, Inc.
Attn: Capital One Auto Finance Dept
S. Blair Korschun
P.O. Box 201347
Arlington, TX 76006

Business Partners
9301 Winnet
Chatsworth, CA 91311

Capital One Auto Finance
3901 N Dallas Pkwy
Plano, TX 75093

Capital One Auto Finance, c/o
Ascension Capital Gr
P.O. Box 201347
Arlington, TX 76006

Capital One,N.A
c/o Creditors Bankruptcy Service
P O Box 740933
Dallas,TX 75374

Capital One,N.A
c/o Creditors Bankruptcy Service
P O Box 740933
Dallas,Tx 75374

Centennial Bank
18837 Brookhurst St Ste
Fountain Valley, CA 92708

Chase
Po Box 15298
Wilmington, DE 19850

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Chase Mtg
Po Box 24696
Columbus, OH 43224

City of Las Vegas
Las Vegas City Attorney

| | | |
|---|---|---|
| 400 Stewart Avenue, Ninth Floor<br>Las Vegas, NV 89101<br><br>De Concini McDonald Yetwin & Lacey, AC<br>2525 E Broadway<br>Tucson, AZ 85716<br><br>Hacienda Golf Club<br>718 East Road<br>La Habra, CA 90631<br><br>Hacienda Golf Club<br>Hemar, Rousso & Heald, LLP<br>c/o Edward S. Kim, Esq.<br>15910 Ventura Boulevard, 12th Floor<br>Encino, CA 91436<br><br>HSBC / Costco<br>Hsbc Retail Srvs/Attention: Bankruptcy D<br>Po Box 5263<br>Carol Stream, IL 60197 | HSBC Bank Nevada, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd., Suite 200<br>Tucson, AZ 85712<br><br>INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346<br><br>Los Angeles County Treasurer<br>and Tax Collector<br>P.O. Box 54110<br>Los Angeles, CA 90054-0110<br><br>Sewer Services<br>Department of Finance<br>400 Stewart Ave<br>Las Vegas, NV 89101<br><br>TARGET NATIONAL BANK<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | Tnb-visa<br>Po Box 560284<br>Dallas, TX 75356<br><br>U.S. Bank, National Association, as Trustee<br>c/o JPMorgan Chase Bank, NA<br>Attn: OH4-7302<br>3415 Vision Drive<br>Columbus, OH 43219<br><br>Union Bank Na<br>PO Box 85643<br>San Diego, CA 92186<br><br>Union Bank Real Estate Servicing, M-723<br>P.O. Box 85600<br>San Diego, CA 92186<br><br>Wee Wonder<br>7881 W Charleston St #140<br>Las Vegas, NV 89117<br><br>Wee Wonder<br>c/o Alverson Taylor Mortenson & Sanders<br>7401 W Charleston Blvd<br>Las Vegas NV 89117 |

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below: